IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: Jason Matthew Brinker | ) | Case No.: 20-60570 |
| | ) | |
| Debtor, | ) | Chapter 7 |
| | ) | |
| | ) | JUDGE RUSS KENDIG |
| Grange Property & Casualty Company | ) | |
| | ) | A.P. No.: 20-06020 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Jason Matthew Brinker | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JASON MATTHEW BRINKER</u>

Now comes Plaintiff Grange Property & Casualty Company and requests that this Court enter a judgment by default in Plaintiff's favor against the Defendant Jason Matthew Brinker pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure and Rule 55 of the Federal Rules of Civil Procedure.

On July 20, 2020, Plaintiff filed its Amended Complaint against Defendant seeking a denial of the discharge as to Plaintiff Grange's claims against Defendant Brinker under Sec. 523(a)(6) of the Bankruptcy Code.

Defendant was served with process pursuant to the provisions of Rules 7004 and 7005 of the Federal Rules of Bankruptcy Procedure. The Summons and Complaint were served by the U.S. Postal Service via regular mail to Defendant on July 22, 2020 to 290 Spring Street,

Mansfield, Ohio 44902. Defendant has failed to file an Answer or otherwise defend against the Amended Complaint, and did not seek an extension of time to do so. An Entry of Default was entered by the Clerk on August 27, 2020.

Plaintiff has confirmed with the Department of Defense Manpower Data Center that the Defendant is not currently in the military service. *Affidavit of Nadia N. Ardner*, attached hereto as Exhibit 1.

Plaintiff's objection to Defendant's discharge is premised upon his causing willful and malicious injury to Plaintiff's insured's real and personal property. On April 13, 2010, Defendant Brinker intentionally set a fire at Plaintiff's insured's home. Plaintiff Grange Property & Casualty Company paid $54,265.88 to or on behalf of Mr. Peak for the resulting damage to his real and personal property. A copy of Plaintiff's civil complaint in subrogation seeking reimbursement for the $54,265.88 in damages it paid to or on behalf of Mr. Peak is attached hereto as Exhibit 2. Plaintiff obtained a default judgment against Defendant Brinker in that case on March 19, 2012. A copy of Plaintiff's Motion for Default Judgment is attached hereto as Exhibit 3, and a copy of the default judgment entry is attached hereto as Exhibit 4.

On August 5, 2011, the State of Ohio filed a criminal complaint against Defendant Brinker in the Ashland County Court of Common Pleas for arson (Section 2909.03(A)(4) of the Ohio Revised Code), a felony of the third degree, for the April 13, 2010 damage to Plaintiff's insured's property. A copy of the criminal complaint in the Ashland County Court of Common Pleas is attached hereto as Exhibit 5. On October 21, 2011, Defendant Brinker was sentenced on the arson charge after previously pleading guilty to it. A copy of the Judgment Entry – Sentencing from the Ashland County Court of Common Pleas is attached hereto as Exhibit 6.

Pursuant to 11 U.S.C. § 523(a)(6), a debtor is not discharged from any debt to the extent that liability for such debt was incurred as a result of willful and malicious injury by the debtor to another entity or to the property of another entity. Defendant Brinker's act of intentionally setting a fire at Plaintiff's insured's home constitutes willful and malicious injury to the property of Plaintiff's insured. Accordingly, Plaintiff is entitled to judgment in its favor and Defendant's discharge of the debt he owes to the Plaintiff in the amount of $54,265.88 should be denied pursuant 11 U.S.C. Sec. 523(a)(6) as having been incurred as the result of willful and malicious injury to Plaintiff's insured's property.

WHEREFORE, Plaintiff respectfully requests that this Court enter a default judgment against Defendant Jason Matthew Brinker, denying his Chapter 7 discharge of the claim presented by Plaintiff Grange Property & Casualty Company because Defendant incurred such debt by willfully and maliciously injuring Plaintiff's insured's real and personal property.

Respectfully submitted,

/s/ Nadia N. Ardner
Nadia N. Ardner (0095535)
Attorney for Plaintiff
KEIS | GEORGE llp
55 Public Square, Suite 800
Cleveland, Ohio 44113
Phone: (216) 241-4100
nardner@keisgeorge.com

## CERTIFICATE OF SERVICE

I certify that a copy of Plaintiff's Motion for Default Judgment against Defendant Jason Matthew Brinker was served electronically via the Court's ECF system this 16th day of September, 2020.

Giancarlo Variola, Esq.
**Attorney for Debtor/Defendant**

Antony J. DeGirolamo
    **Trustee**

and by regular mail to:

Jason Matthew Brickner
290 Spring Street
Mansfield, Ohio 44902
    **Defendant/Debtor**

/s/ Nadia N. Ardner
Nadia N. Ardner (0095535)

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: Jason Matthew Brinker | ) | Case No.: 20-60570 |
| | ) | |
| Debtor, | ) | Chapter 7 |
| | ) | |
| | ) | JUDGE RUSS KENDIG |
| Grange Property & Casualty Company | ) | |
| | ) | A.P. No.: 20-06020 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AFFIDAVIT FOR ENTRY OF** |
| | ) | **DEFAULT JUDGMENT** |
| Jason Matthew Brinker | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

STATE OF OHIO            )
                         ) ss.
COUNTY OF CUYAHOGA       )


    Nadia N. Ardner, being duly sworn, says that she is the attorney for Plaintiff in the above-titled action; that the Plaintiff searched the Defense Manpower Data Center, and the Defendant is not currently in the military service of the United States; that a true and accurate copy of the Defense Manpower Data Center search result is attached hereto as Exhibit A; that the Defendant is not an infant or incompetent person; that the default of the Defendant has been entered for failure to appear in the action; and that the amount of $54,265.88 is justly due and owing to Plaintiff and that no part thereof has been paid.



EXHIBIT

i

_Nadia N. Ardner (0095535)_

Nadia N. Ardner (0095535)
Attorney for Plaintiff
Grange Property & Casualty Company

Sworn to and subscribed before me this _16_ day of _September_____, 2020.

_Christine Hoyt_

Notary Public

CHRISTINE HOYT
NOTARY PUBLIC
STATE OF OHIO
Recorded in
Cuyahoga County
My Comm. Exp. _7-11-21_



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:
Birth Date:        Apr-XX-1991
Last Name:       BRINKER
First Name:       JASON
Middle Name:   M
Status As Of:    Sep-16-2020
Certificate ID:   SXMJWCM73GRPP8L

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

EXHIBIT

A

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

72828  HLN/nab

TIME STAMP COPY

IN THE COURT OF COMMON PLEAS

ASHLAND COUNTY, OHIO

2011 SEP 30  AM 10: 47

ANNETTE SHAW
CLERK OF COURTS
ASHLAND, OHIO

Grange Property & Casualty Company
P.O. Box 1218
Columbus, OH 43216

CASE NO.  11- CIV- 339

JUDGE:

      Plaintiffs

vs.

Jason M. Brinker
135 East Cook Road #J9
Mansfield, Ohio 44907

**COMPLAINT**

RECEIVED

OCT 03 2011

KEIS GEORGE

      Defendant

    1.    On April 13, 2010, and at all times material herein, Plaintiff Grange Property & Casualty Company was the insurer, assignee, and subrogee of Joe N. Peak, who was the owner of the real and personal property located at 163 County Road 681 in Sullivan, Ohio.

    2.    On or about April 13, 2010, at 163 County Road 681 in Sullivan, Ohio, the Defendant negligently and/or intentionally caused a fire at Plaintiff insured's real property.

    3.    As a result of the Defendant's negligence, Plaintiff's insured sustained damage in the amount of $55,265.88.

    4.    Plaintiff Grange Property & Casualty Company was required to and did pay to its insured the sum of $54,265.88, and became subrogated to said amount.

    Wherefore, Plaintiff demands judgment against the Defendant in the amount of $54,265.88, plus the costs of this action.

              KEIS GEORGE llp
              Attorneys for Plaintiff
              55 Public Square #800
              Cleveland, Ohio 44113
              P 216-241-4100 / F 216-771-3111
              hnussle@keisgeorge.com

              _____
              BY:  Herbert L. Nussle (0063551)
              Trial Counsel

**EXHIBIT**

2

72828

'2012 MAR -1 AM 10: 29

ANNETTE SHAW
CLERK OF COURTS
ASHLAND, OHIO

IN THE COURT OF COMMON PLEAS

ASHLAND COUNTY, OHIO

Grange Property & Casualty Company

     Plaintiff

VS.

Jason M. Brinker

     Defendant

**MOTION FOR DEFAULT JUDGMENT**

JUDGE: RONALD P. FORSTHOEFEL

CASE NO.: 11 CIV 339

    Now comes the Plaintiff, and moves this Honorable Court to render judgment by default against the Defendant **Jason M. Brinker** in the amount of $54265.88 plus the costs of this action for the reason that the Defendant has failed to plead or otherwise defend the complaint of the Plaintiff.

    An affidavit establishing the damages set forth in Plaintiff's complaint is attached hereto and made a part hereof.

                   Respectfully submitted,

                   Attorneys for Plaintiff
                   55 Public Square #800
                   Cleveland, Ohio  44113
                   (216) 241-4100
                   Fax (216) 771-3111

                   BY:  Herbert L. Nussle (0063551)
                   Trial Counsel

EXHIBIT

3

72828

2012 MAR - 1 AM 10: 29

ANNETTE SHAW
CLERK OF COURTS
ASHLAND, OHIO

IN THE COURT OF COMMON PLEAS

ASHLAND COUNTY, OHIO

Grange Property & Casualty Company

    Plaintiff

VS.

Jason M. Brinker

    Defendant

**AFFIDAVIT**

JUDGE: RONALD P. FORSTHOEFEL

CASE NO.: 11 CIV 339

    Now comes Herbert L. Nussle, attorney for the Plaintiff Grange Property & Casualty Company, after being duly sworn, and deposes and says that he is an agent for the Plaintiffs and that the documents attached to this affidavit truly and accurately reflect the damages set forth in the complaint filed in the within action.

    We have confirmed with the Department of Defense Manpower Data Center that the defendant is not in the military service. A copy of the verification from the Department of Defense establishing that the defendant is not in the military service is attached hereto.

    Deponent further states that to the best of my knowledge, the defendant is not in any way incompetent or a minor.

    Affiant further sayeth naught.

                Herbert L. Nussle (0063551)

Sworn to and subscribed before me this _____29th_____ day of
_February_, 2012.

MICHELLE STURGILL
NOTARY PUBLIC
STATE OF OHIO
Recorded in
Cuyahoga County
My Comm. Exp. 10-28-13

NOTARY PUBLIC

20



Department of Defense Manpower Data Center

Feb-24-2012 10:17:51

Military Status Report
Pursuant to the Service Members Civil Relief Act

| Last Name | First/Middle | Begin Date | Active Duty Status | Active Duty End Date | Service Agency |
|---|---|---|---|---|---|
| BRINKER | JASON | Based on the information you have furnished, the DMDC does not possess any information indicating the individual status. | | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).

Mary M. Snavely-Dixon

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Service Members Civil Relief Act (50 USC App. §§ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person is on active duty and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. §521(c).

If you obtain additional information about the person (e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects **active duty status** including date the individual was last on active duty, if it was within the preceding 367 days. For historical information, please contact the Service SCRA points-of-contact.

***More information on "Active Duty Status"***
Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d)(1) for a period of more than 30 consecutive days. In the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy TARs, Marine Corps ARs and Coast Guard RPAs. Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps) for a period of more than 30 consecutive days.

***Coverage Under the SCRA is Broader in Some Cases***
Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who would rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a name and SSN provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided.
Report ID:7P08D0DCFV

21

20-06020-rk Doc 12 FILED 09/16/20 ENTERED 09/16/20 14:14:36 Page 12 of 33

STATE OF _Ohio_ )
                                    ) ss.                    **AFFIDAVIT**
COUNTY OF _Franklin_ )

I, _Marsha Ross_ , after being first duly sworn depose and say that I have personal knowledge of the matters referred to in this Affidavit, and that I am competent to testify to them.

1. I am employed with Grange Property & Casualty Company. I have reviewed the claim file involved in the loss which has given rise to a lawsuit against Jason M. Brinker, said claim file having been kept in the usual course of business of Grange Property & Casualty Company.

2. On April 13, 2010, Grange Property & Casualty Company was the insurer, assignee and subrogee of its named insured, Joe N. Peak.

3. As a result of the incident that occurred on April 13, 2010 at or near 163 County Road 681 in Sullivan, Ohio, Grange Property & Casualty Company's insureds sustained damages in the amount of $54265.88.

4. That Grange Property & Casualty Company paid the below listed insureds the following sums of money arising from the above referenced incident:

| | |
|---|---|
| Real Property Joe N. Peak | 41,412.22 |
| Personal Property/Contents Joe N. Peak | 12,853.66 |
| Total Payments | $ 54,265.88 |

**AFFIANT FURTHER SAYETH NAUGHT.**

_Marsha Ross_
SIGNATURE

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE this ___ day of _February_ 2012.

NOTARY PUBLIC

BRANDY S. COLEMAN
Notary Public, State of Ohio
My Commission Expires
_July 15, 2016_

22

**Payment Details**

| Claim | Unit | Name | Reserve | PaymentTyp | Outstd | Payment | Final | Serv.Fro | Serv.To |
|---|---|---|---|---|---|---|---|---|---|
| HP00010988 0 | 163 County R | Peak, Joe | Dwllng Fir | Pymt – Taxbl | $0.00 | 2,203.31 | CLOSE | | |

| ITEM | VALUE | |
|---|---|---|
| Check Status | CLEARED | |
| In Payment Of | sup | |
| Mode of Payment | | |
| Issued By | Jason Korn (FAIRLAWN) | |

Pay to the Order of  Unlimited Restoration, LLC Inc

No. 0703943078

$ 2,203.31

Address

UNLIMITED RESTORATION, LLC INC
1585 STATE ROUTE 89
JEROMESVILLE OH 44840
USA

*John Hancock*

Signature

| Memo | Details | Done |

23

| Claim | Unit | Name | Reserve | PaymentTyp | Outstd | Payment | Final | Serv.Fron | Serv.To |
|-------|------|------|---------|------------|--------|---------|-------|-----------|---------|
| HP00010988 | 0 163 County R | Peak, Joe | Dwlling Fir | Pymt - Taxbl | $0.00 | 7,405.67 | CLOSE | | |
| HP00010988 | 0 163 County R | Peak, Joe | Cnts Fire | Pymt - Taxbl | $0.00 | 1,803.24 | CLOSE | | |

| ITEM | VALUE |
|------|-------|
| Check Status | CLEARED |
| In Payment Of | Dwelling and contents cleaning |
| Mode of Payment | |
| Issued By | Jason Korn (FAIRLAWN) |

Pay to the Order of    Unlimited Restoration, LLC Inc and Joe N Peak and Mary A Peak

No.   0703896171

$ 39,208.91

Address

UNLIMITED RESTORATION, LLC INC
1585 STATE ROUTE 89
JEROMESVILLE OH 44840
USA

*John Hancock*

Signature

Memo    Details

This document was sent to the printer
Document name: 'ClipMate Report'
Printer name:
'\\HQ\IPSPD2.GMCC.GRANGE.LOCAL\BN_PRT12'
Time sent: 11:11:39 AM 7/29/2011
Total pages: 1

24

## Payment Details

| Claim | Unit | Name | Reserve | PaymentTyp | Outstd | Payment | Final | Serv.Fro | Serv.To |
|-------|------|------|---------|------------|--------|---------|-------|----------|---------|
| HP00010988 | 0 | 163 County R | Peak, Joe | Cnts Fire | Payment | $0.00 | $500.00 | CLOSE | | |

| ITEM | VALUE | |
|------|-------|--|
| Check Status | CLEARED | |
| In Payment Of | Contents Advance | |
| Mode of Payment | | |
| Issued By | Jason Korn (FAIRLAWN) | |

Pay to the Order of   Joe N Peak and Mary A Peak

No.   0403862565

$ 500.00

Address

JOE N PEAK
163 COUNTY ROAD 681
SULLIVAN OH 44880-9717
USA

*John Hancock*

Signature

Memo    Details    Done

25

**Payment Details**

| Claim | Unit | Name | Reserve | PaymentTyp | Outstd | Payment | Final | Serv.Fro| Serv.To |
|-------|------|------|---------|------------|--------|---------|-------|---------|---------|
| HP00010988 | 0 | 163 County R | Peak, Joe | Cnts Fire | Payment | $0.00 | 1,417.48 | CLOSE | | |

| ITEM | VALUE | |
|------|-------|---|
| Check Status | CLEARED | |
| In Payment Of | Contetns | |
| Mode of Payment | | |
| Issued By | Jason Korn (FAIRLAWN) | |

| | |
|---|---|
| Pay to the Order of | Joe N Peak and Mary A Peak |

No. 0703879074

$ 1,417.48

Address

JOE N PEAK
163 COUNTY ROAD 681
SULLIVAN OH 44880-9717
USA

*John Hancock*

Signature

Memo   Details

This document was sent to the printer ☒
Document name: 'ClipMate Report'
Printer name:
'\\HQWIPSP02.GMCC.GRANGE.LOCAL\BN_PRT12'
Time sent: 11:06:35 AM  7/29/2011
Total pages: 1

Done

26

## Payment Details

| Claim | Unit | Name | Reserve | Payment Typ | Outstd | Payment | Final | Serv.Fron | Serv.To |
|---|---|---|---|---|---|---|---|---|---|
| HP00010988 0 | 163 County R| | Peak, Joe | Cnts Fire | Payment | $0.00 | 8,284.15 | CLOSE | | |

| ITEM | VALUE |
|---|---|
| Check Status | CLEARED |
| In Payment Of | Contetns acv |
| Mode of Payment | |
| Issued By | Jason Korn (FAIRLAWN) |

Pay to the Order of   Joe N Peak and Mary A Peak

No.   0703894807

$ 8,284.15

Address

JOE N PEAK
163 COUNTY ROAD 681
SULLIVAN OH 44880-9717
USA

*John Hancock*
Signature

Memo    Details    Done

27

## Payment Details

| Claim | Unit | Name | Reserve | PaymentTyp | Outstd | Payment | Final | Serv.Froi | Serv.To |
|---|---|---|---|---|---|---|---|---|---|
| HP00010988 | 0 | 163 County R | Peak, Joe | Cnts Fire | Payment | $0.00 | 2,652.03 | CLOSE | | |

| ITEM | VALUE |
|---|---|
| Check Status | CLEARED |
| In Payment Of | SUP |
| Mode of Payment | |
| Issued By | Jason Korn (FAIRLAWN) |

Pay to the Order of  Joe N Peak and Mary A Peak

No.  0703966247

$ 2,652.03

Address

JOE N PEAK
163 COUNTY ROAD 681
SULLIVAN OH 44880-9717
USA

*John Hancock*

Signature

| Memo | Details | | Done |

28

**Grange Mutual Casualty Co.** **Grange Indemnity Insurance Co.**
**Trustgard Insurance Co.** **Grange Insurance Co. of Michigan**

## Claims Contents - Loss Worksheet

Room: _____

| Claim Number | Page No. |
|---|---|
| HO1098877 | |

Company Use Only
HO.5PP1?.2.00(12)1-S22

| | Quantity | Description Manufacturer Age/Brand Name (Model No., Serial No.) | Where Purchased or Obtained | Date of Purchase or Age of Item | Current Cost | Tax | Depreciation | Actual Cash Value | Repair Cost | Actual Cost To Replace | Difference Owed |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 3 | Living Room-Ashley | Ashley Furniture | 2009 | 2,100.00 | | | | | | |
| B | 1 | Tire Gauges | Autozone | 2009 | 4.00 | | | | | | |
| C | 3 | Brass Hammers | Work | 96-98 | 9.00 | | | | | | |
| D | 3 | Dead Blow Hammers | Work | 96-99 | 12.00 | | | | | | |
| E | 1 | Pes Board Tool Holder | HF Tech | 03 | 15.00 | | | | | | |
| F | 1 | Set of Gas Line Repair | HF Tech | 03 | 13.00 | | | | | | |
| G | 1 | 4 inch Double Sided Square | | 06 | 35.00 | | | | | | |
| H | 12 | Quarts of Castrol Oil | Auto Zone | 45 | 36.00 | | | | | | |
| I | 1 | Oil Filter | Auto Zone | Auto Zone | 5.00 | | | | | | |
| J | 3 | Bottles of Brake Cleaner | " | 11 | 8.00 | | | | | | |
| K | 1 | Gal Antifreeze | " | 11 | 22.00 | | | | | | |
| L | 1 | Used Alternator | Scrap Car | 2005 | junk yard | | | | | | |
| M | 3 | Small Spanner Wrenches Work | | 90 | 60.00 | | | | | | |
| N | 2 | 9 Spanner Wrenches Work | | 98 | 110.00 | | | | | | |
| O | 1 | Battery Operated Kids Car | Walmart | 2005 | 349.00 | | | | | | |
| P | 1 | Pool Pole | Family Dollar | 08 | 50.00 | | | | | | |
| Q | 1 | Sweeper Metal Head | | 05 | 30.00 | | | | | | |

**Total**

Signature: _____ Date: 4-31-10

Any person who knowingly and with intent to injure or defraud any insurer files an application of claim containing any false, incomplete or misleading information may be subjected to criminal penalties and the denial of coverage for claims made under the policy of insurance.

WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING NOTICE:

Ohio and Tennessee - Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

Kentucky - Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

Indiana - A person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete or misleading information commits a felony.

8-25 (11-02)

20-06020-rk    Doc 12    FILED 09/16/20    ENTERED 09/16/20 14:14:36    Page 21 of 33

Grange Mutual Casualty Co.    Grange Indemnity Insurance Co.
Trustgard Insurance Co.    Grange Insurance Co. of Michigan

## Claims Contents - Loss Worksheet

Room: _____

| | Quantity | Description (Manufacturer's Name (Model No. Serial No.)) | Where Purchased or Obtained | Date of Purchase or Age of Item | Current Cost | Tax | Depreciation | Actual Cash Value | Repair Cost | Actual Cost to Replace | Difference Owed |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 1 | Sweeper Hose | Family Pools | 08 | 32.00 | | | | | | |
| B | 1 | Boulevier | 1111 | 08 | 25.00 | | | | | | |
| C | 1 | Boys Tent | Walmart | 08 | 25.00 | | | | | | |
| D | 1 | Set of Spark Plugs | Auto Zone | 06 | 200.00 | | | | | | |
| E | 3 | Grease Guns | Sears | 06 | 44.00 | | | | | | |
| F | 6 | Basket Balls | Walmart | 50-08 | 25.00 | | | | | | |
| G | 5 | Foot Balls | Walmart | 08-09 | 75.00 | | | | | | |
| H | 4 | piece set fishing | Sears & Bass (walmart,gysuesrors) | 05-209 | 350.00 | | | | | | |
| I | 1 | | yard sale | 04 | 15.00 | | | | | | |
| J | 1 | Hedge Clippers | we made | 04 | 150.00 | | | | | | |
| K | 1 | Rotten Key Set | Auto Zone | 03 | 150.00 | | | | | | |
| L | 1 | set auto fuses | | 03 | 23.00 | | | | | | |
| M | 1 | set car boat cover ribs | Chevy&Ford | 07 | 89.00 | | | | | | |
| N | 6 | patio seat cushions | Walmart | 08 | 180.00 | | | | | | |
| O | 2 | propane tanks Walmart | Walmart | 08/09 | 50.00 | | | | | | |
| P | 1 | Gas Grill | Walmart | 08 | 169.00 | | | | | | |
| Q | | | | | | | | | | | |
| | | | | **Total** | | | | | | | |

Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information may be subject to criminal and/or civil penalties and the denial of coverage for claims made under the policy of insurance.

WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING NOTICE:

Ohio and Tennessee – Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

Kentucky – Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

Indiana – A person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete or misleading information commits a felony.

Signature: _____    Date: 4-21-16

8-25 (11-02)

30

Forensic & Scientific Testing, Inc.
275 N. Perry Street
Lawrenceville, GA  30045 USA

| Date | Invoice # |
|------|-----------|
| 4/23/2010 | 12470 |

**Bill To**

Grange  Insurance Company
Jason Korn
1560 Corporate Woods Pky
Uniontown, OH  44685

| P.O. No. | Terms | Project |
|----------|-------|---------|
| FFH-4-21473 | Due on receipt | |

| Description | Qty | Rate | Amount |
|-------------|-----|------|--------|
| Insured : Peak, Joe | | | |
| Claim # : HP 1098877 | | | |
| | | | |
| Ignitable liquid residue analysis | 2 | 150.00 | 300.00 |
| Annual Storage of sample which will be billed annually | 1 | 60.00 | 60.00 |

PRINT INVOICE # ON CHECK - Federal Tax #:58-2255129

| | |
|---|---|
| **Payments/Credits** | $0.00 |
| **Balance Due** | $360.00 |

| Phone # | Fax # | E-mail | Web Site |
|---------|-------|--------|----------|
| 770-449-4199 | 770-449-4433 | forensic@fast-lab.com | http://www.fast-lab.com |

31

Grange Mutual Casualty Co.
Trustgard Insurance Co.
Grange Indemnity Insurance Co.
Grange Insurance Co. of Michigan

# Claims Contents - Loss Worksheet

Claim Number: HP 109 8817

Page No.

Room: _____

| | Quantity | Description Manufacturer or Brand Name (Model No. Serial No.) | Where's Purchased or Obtained | Date of Purchase or Age of Item | Current Cost | Tax | Depreciation | Actual Cash Value | Repair Cost | Actual Cost to Replace | Difference Owned |
|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 1 | 5 Piece C Clamps | Sears | 07 | 25.00 | | | | | | |
| B | 1 | 3rd Wed Eatr22 | Wall Mart | 07 | 89.00 | | | | | | |
| C | 1 | Iu 40" ~~Fritr22~~ | Wall Mart | 09 | | | | | | | |
| D | 1 | KD140E5600 Water change | Wall Mart | 09 | 858.00 | | | | | | |
| E | 1 | 5 Piece Dis Snips | Sears | 05 | 100.00 | | | | | | |
| F | 1 | Yard Machin Rider Home depot | 09 | 1050.00 | | | | | | | |
| | 1 | Front Grill Lense & Head Lish Assembly Wheel model #13RN772G629 | | | | | | | | | |
| I | 1 | Red Cross cloths | | | 1,190.00 credit to s145 accounts 7392 | | | | | | |
| J | 2 | Red Cross Rooms 3 days 75.00 w/suit | Hotel | | 450.00 master card | | | | | | |
| K | | ████████ | | | | | | | | | |
| L | | Check upstairs carpet your call | | | | | | | | | |
| M | | | | | | | | | | | |
| N | | | | | | | | | | | |
| O | | | | | | | | | | | |
| P | | | | | | | | | | | |
| Q | | | | | | | | | | | |

Company Use Only

Company Use Only
Applies Only To
HO-ST, 520, 521, 522

Total

Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information may be subject to criminal penalties and to the denial of insurance benefits under the policy of insurance.

WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING NOTICE:

Ohio and Tennessee - Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

Kentucky - Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

Indiana - A person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete or misleading information commits a felony.

Signature: _____  Date: _____

8-25 (11-02)

Grange Mutual Casualty Co.    Grange Indemnity Insurance Co.
Trustgard Insurance Co.     Grange Insurance Co. of Michigan

## Claims Contents - Loss Worksheet

| Room/ Quantity | Description Manufacturer &/or Brand Name (Model No. Serial No.) | Where Purchased or Obtained | Dates of Purchase or Age of Item | Current Cost | Tax | Depreciation | Actual Cash Value | Repair Cost | Actual Cost to Replace | Difference Owed |
|---|---|---|---|---|---|---|---|---|---|---|
| A | Replace | | | | | | | | | |
| B | | | | | | | | | | |
| C 2 | Shovels | Wallmart | | 22.00 | | | | | | |
| D 1 | Rake | Wallmart | | 18.00 | | | | | | |
| E 1 | 22in cut Lawnmower | Wallmart | 6-300 | 195 Plus tax | | | | | | |
| F | Replacement Cost | | | | | | | | | |
| G 1 | 3 Pc. Living Room Set | | | 8,394.67 | | | | | | |
| H | Household M.Sc | | | 58.44 | | | | | | |
| I | | | | | | | | | | |
| J | | | | | | | | | | |
| K | | | | | | | | | | |
| L | | | | | | | | | | |
| M | | | | | | | | | | |
| N | | | | | | | | | | |
| O | | | | | | | | | | |
| P | | | | | | | | | | |
| Q | | | | | | | | | | |

Claim Number HP109887

Page No. _____

Company Use Only

Company Use Only
HO-Series OK-110,
HO-301, 502, 521, 522

**Total** _____

Signature: _____     Date: _____

Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information may be subject to criminal and civil penalties or claims made under the policy of insurance.

**WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING NOTICE:**

Ohio and Tennessee - Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

Kentucky - Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime.

Indiana - A person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete or misleading information commits a felony.

8-25 (11-02)

# HP1098877



**Ashley Furniture HomeStore**
919 Lexington-Springmill Rd
Ontario, OH 44906
phone: (419) 747-4040
fax: (419) 747-4611
toll free: (877) 747-4041

PEAKMA          20110940 04/23/2010   1

*** PRICE QUOTE ***

**SALE**

DELIVER TO:

SOLD TO:  peak, mary
          163 cty rd 681
          SULLIVAN, OH 44880

          peak, mary
          163 cty rd 681
          SULLIVAN, OH 44880

144   HOME DELIVERY              ASAP      CASH BEFORE DELIVERY

1
B/O          SOFA/CRAWFORD/CHOCOLATE              70.88
1
B/O          LOVESEAT/CRAWFORD/CHOCOLATE          6?.?4
1    EA 1050023    ASHLEY 1050023                 3??.??
B/O
1                                                 ??.??
B/O
1    EA 2G0-6322MAN  GUARDSMAN 6322 MANS           199.00
B/O
1    EA  DELIVERY    Delivery Charge               99.99

                                          SALE TOTAL

                                          GRAND TOTAL
                                          BALANCE DUE

# HP 1098877



**Walmart**
*Save money. Live better.*

```
              Walmart
          MANAGER ANN MOLNAR
         ( 419 ) 281 - 9537
ST# 1448 OP# 00003619 TE# 90 TR# 00306
MASKING TAPE 007535306283        2.17 X
CLOTHESPINS  004142601261        1.86 X
WAX RING     003876331194        1.97 X
WAX RING     003876331194        1.97 X
26FT CORD    078176666266        6.77 X
INT PAINT    007874202736       13.87 X
MASK TAPE    007535306479        0.77 X
PAINT SET    007004262677        7.00 X
                  SUBTOTAL       36.38
        TAX 1   6.750 %           2.46
                     TOTAL       38.84
                      TEND       38.84
                CHANGE DUE        0.00


EFT DEBIT      PAY FROM PRIMARY
ACCOUNT :                2141
      38.84  TOTAL PURCHASE
REF # 014400041123
NETWORK ID. 0071 APPR CODE 863134
       05/24/10   17:21:14
```

# # ITEMS SOLD 8

```
TC# 7633 0??? 0246 2666 2066
```



```
We want you to pay the lowest price.
Ask about our price match policy.
     05/24/10   17:21:16
```

☑ 005

35

# Walmart :)::
### Save money. Live better.

Household misc

# HP 109877

ST# 1448 OP# 00004711 TE# 30 TR# 00021
Walmart
MANAGER ANN MOLNAR
( 419 ) 281 - 9637
COPY PAPER        003650010004         3.60 X
F3 SHOVEL         004920612038        10.17 X
SHOVEL           004920612040          3.97 X
CRN 11X3.20      001380151575         69.00 X
                           SUBTOTAL    82.94
TAX 1    6.750 %                        5.60
                           TOTAL       88.54
DEBIT TEND                             88.54
CHANGE DUE                              0.00

EFT DEBIT          PAY FROM PRIMARY
ACCOUNT :                       88.54
    TOTAL PURCHASE              88.54
REF # 012001142166
NETWORK ID. 0071 APPR CODE 572176
04/22/10        13:58:57

# ITEMS SOLD 4

TC# 9717 9796 5881 5864 8916

Cash your checks at Walmart and Save
$20.00 a year with our $3 check cashing
04/22/10          13:58:58

72828

2012 MAR 19 PM 12: 05

ANNETTE SHAW
CLERK OF COURTS
ASHLAND, OHIO

IN THE COURT OF COMMON PLEAS

ASHLAND COUNTY, OHIO

Grange Property & Casualty Company

      Plaintiff

VS.

Jason M. Brinker

      Defendant

**JUDGMENT ENTRY**

JUDGE: RONALD P. FORSTHOEFEL

CASE NO.: 11 CIV 339

    Upon motion of the plaintiff, the Court hereby finds that the defendant, **Jason M. Brinker** has been served with the summons and complaint pursuant to the Civil Rules and that the defendant has failed to answer or otherwise defend the complaint of the plaintiff.

    IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that judgment be and hereby is rendered against the defendant **Jason M. Brinker** and in favor of the plaintiff in the amount of $54265.88 plus interest at the legal rate from the date of this entry plus the costs of this action.

_____
JUDGE

3/16/12
DATE

_____
Herbert L. Nussle (0063551)
Attorney for Plaintiff

Nussle
Brinker

EXHIBIT
4

JM # 85

37

2011 JUN 14 AM 8: 21

CLET...  ...RTS
A...  ...OHIO

IN THE COURT OF COMMON PLEAS
OF ASHLAND COUNTY, OHIO

STATE OF OHIO,                              Case No. _11-CRI-063_

     Plaintiff,

vs.                                        COMPLAINT

JASON M. BRINKER
LKA:  135 East Cook Road, Apt. J-9
       Mansfield, Ohio  44907
DOB:  04-30-91
SSN:  ▓▓▓-8597

     Defendant.

COUNT ONE:  ARSON (Section 2909.03(A)(4) of the Ohio Revised Code),
             a felony of the third degree.

     In that on or about April 13, 2010, in Ashland County, Ohio, Jason M. Brinker, by means
of fire or explosion, knowingly caused or created a substantial risk of physical harm, through the
offer or the acceptance of an agreement for hire or other consideration, to any property of
another, to wit:  Joseph Peak and/or Nicole Peak, without the other person's consent, in violation
of Ohio Revised Code Section 2909.03(A)(4), ARSON, a felony of the third degree.

                           Det. Jason Martin – Complainant
                           Ashland County Sheriff's Office

     SWORN to and subscribed before me by Det. Jason Martin this _14_ day of June,
2011.

                           Deputy – Clerk of Courts

SO
PA

EXHIBIT
5

STATE OF OHIO,                                   Case No. 11-CRI-165

      Plaintiff,

    vs.

JASON M. BRINKER,                          **JUDGMENT ENTRY - SENTENCING**

      Defendant.


    This matter came before the Court, on the 21st day of October, 2011 for sentencing. The Defendant previously pled guilty to the following offense: **ARSON**, in violation of Ohio Revised Code Section 2909.03(A)(4), a felony of the third degree. The State of Ohio was present in open court represented by Assistant Prosecuting Attorney Andrew N. Bush. The Defendant was present in open court represented by Attorney John L. Good.

    Prior to imposing sentence, the Court gave defense counsel an opportunity to speak on behalf of the Defendant, which he did. The Court addressed the Defendant personally and asked him if he wished to make a statement on his own behalf or present any information in mitigation of punishment, which he did not. The State of Ohio spoke with regard to sentencing.

    The Court advised the parties that the Court had received and reviewed a full complete Pre-Sentence Investigation Report from Oriana House prior to the hearing.

    The Court reviewed the purposes of felony sentencing as set forth in Ohio Revised Code Section 2929.11. Specifically, the Court noted that:

- The overriding purposes of felony sentencing is to punish the offender and protect the public from future crime committed by the offender and others.

- The Court must always consider the need for incapacitation, deterrence, rehabilitation and restitution.

EXHIBIT
L

JM #_____ 43

36

- The sentence should be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on the victim and consistent with sentences for similar crimes by similar offenders.

- The sentence must not be based on the offender's race, ethnicity, gender or religion.

In fashioning a sentence in this case, the Court has fully considered the provisions of O.R.C. Chapter 2929, the circumstances of the offense, the information contained in the pre-sentence investigation and the information furnished by the parties to this case. Based upon the facts and circumstances and the pre-sentence investigation, the Court specifically finds that the Defendant has the future ability to be employed and to pay financial sanctions in this case.

Based upon consideration of the purposes and principles of the felony sentencing law, the statutory sentencing factors, and after weighing the above findings, this Court finds that the Defendant is NOT amenable to community control sanctions and that a prison sentence is consistent with the purposes and principles of the felony sentencing law of Ohio.

As stated in Count One of the Bill of Information for the offense of **ARSON**, in violation of Ohio Revised Code Section 2909.03(A)(4), a felony of the third degree, the Defendant is sentenced to thirty (30) months under the authority of the Ohio Department of Rehabilitation and Correction for placement in an appropriate penal institution and fined Five Hundred Dollars ($500.00), said fine to be distributed by the Clerk of Courts pursuant to law.

The Court notified the Defendant of the possibility of the applicable periods of post-release control and the potential consequences of a violation of post-release control. Upon completion of the prison term ordered herein, the Defendant may serve up to three (3) years post-release control as determined pursuant to Ohio Revised Code Section 2967.28. The Defendant was advised that if he violates the terms of post-release control, the adult parole

2

IM # _____ 44 _____ 37

authority may impose a more restrictive sanction, or the parole board may return the Defendant to prison for up to nine (9) months, but not more than half of the original prison sentence. The Court further advised that if the Defendant commits a new felony while on post-release control, he may be given a prison sanction of a minimum of one (1) year up to the time remaining on post-release control, in addition to any sentence received on the new felony offense. The Defendant acknowledged his understanding of the Court's explanation of post-release control. For purposes of post-release control, the Court FINDS that the Defendant's county of residence is Summit County, Ohio.

The Court informed the Defendant of his right to appeal the sentence, and of his right to court-appointed counsel to represent him in the appeal, if he were indigent. The Court further advised the Defendant of the necessity that any appeal be filed in writing with the Court within thirty (30) days of the filing of the sentencing entry of the Court. The Defendant acknowledged an understanding of the Court's explanation of his appellate rights.

It is hereby ORDERED that the Defendant shall receive credit for one hundred twenty-eight (128) days of local jail time, and he shall receive one (1) day's credit for each day served subsequent to the date of sentencing starting October 21, 2011 while awaiting transfer to the receiving institution.

The Defendant is remanded to the custody of the Ashland County Sheriff's Office to await transportation to a state penal receiving institution. The Clerk of Courts is directed to issue a warrant of conveyance to the Ashland County Sheriff directing him to deliver the Defendant to the Ohio Department of Rehabilitation and Correction, Lorain Correctional Institution, Reception Center, Grafton, Ohio, for placement in an appropriate penal institution.

3

JM # _45_ 58

The Defendant is ORDERED to make restitution in the amount of Twenty Thousand Five Hundred Dollars ($20,500.00) to Joseph N. Peak, 163 County Road 681, Sullivan, Ohio 44880; One Thousand Eight Hundred Dollars ($1,800.00) to Timothy Peak, 163 County Road 681, Sullivan, Ohio 44880; and Two Thousand Eight Hundred Dollars ($2,800.00) to Joseph C. Peak, 163 County Road 681, Sullivan, Ohio 44880, the victims in this case.

The Pre-Sentence Investigation Report shall be filed **UNDER SEAL** in this case.

The Defendant is ORDERED to pay court costs in this case, including a sum of $30.00, taxed as costs pursuant to Ohio Revised Code Section 2949.091, a sum of $25.00, taxed as court costs pursuant to Ohio Revised Code Section 120.36, and a sum of $30.00, to be paid over to the Treasurer of the State of Ohio, pursuant to Ohio Revised Code Section 2743.70.

Bond is released.

JUDGE RONALD P. FORSTHOEFEL
COMMON PLEAS COURT

cc: Ashland County Prosecutor's Office
   John L. Good, Attorney for Defendant
   Jason M. Brinker, Defendant
   Ashland County Jail
   Adult Parole Authority
   Investigating Agency – Ashland Police Department
   Ohio Department of Rehabilitation and Correction
   Bureau of Sentence Computation

4

46    59