**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 02:15 PM October 19, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| JASON MATTHEW BRINKER, | ) CASE NO. 20-60570 |
| | ) |
| Debtor. | ) ADV. NO. 20-06020 |
| _____ | ) |
| GRANGE PROPERTY & | ) JUDGE RUSS KENDIG |
| CASUALTY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| JASON MATTHEW BRINKER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on Plaintiff's Motion for Default Judgment (the Motion"), filed September 16, 2020. Defendant objected to the Motion on October 1, 2020 (the "Objection"). For the reasons set forth below, the court grants the Motion.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. Gen. Ord. No. 2012-07 (N.D. Ohio April 4, 2012). This dispute is a core proceeding and the court has statutory authority to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(I).

And because the matter "stems from the bankruptcy itself," the court also has constitutional authority to enter final orders and judgments. Stern v. Marshall, 564 U.S. 462, 499 (2011). Pursuant to 28 U.S.C. §§ 1408 and 1409, venue in this court is proper. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.[1]

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Defendant filed a petition for relief under chapter 7 of the Bankruptcy Code on March 26, 2020. Plaintiff filed this adversary proceeding against Defendant on July 10, 2020. In its amended complaint, Plaintiff alleges that Defendant willfully and maliciously damaged Plaintiff's insured's real and personal property on April 13, 2010. As a direct and proximate result of Defendant's intentional actions, Plaintiff alleges that Plaintiff's insured sustained damages. Plaintiff alleges that it was required to and did pay to or on behalf of its insured damages in the amount of $54,265.88, and became subrogated to this amount. Plaintiff also alleges that Defendant was convicted of arson under Ohio Revised Code § 2909.03(A)(4) in the Ashland County Court of Common Pleas (the "State Court") on October 25, 2011. Plaintiff alleges further that it obtained a default judgment in the amount of $54,265.88 on its subrogation claim against Defendant in the State Court on March 19, 2012. Plaintiff asks the court to except the debt from discharge pursuant to § 523(a)(6).

The summons in this case was issued on July 21, 2020. The proof of service for the summons and complaint certifies that service by regular mail was made upon Defendant and Defendant's counsel on July 22, 2020. Defendant did not answer the complaint. On August 27, 2020, the Clerk entered a default because of Defendant's failure to plead or otherwise defend. Plaintiff filed its Motion on September 16, 2020, and Defendant filed his Objection on October 1, 2020.[2] In the Motion, Plaintiff asks the court to enter a default judgment against Defendant. Defendant articulates no basis for his Objection and simply requests leave to file an answer to the complaint.

## DISCUSSION

Defaults are governed by Rule 55 of the Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7055 of the Federal Rules of Bankruptcy Procedure. FED. R. BANKR. P. 7055. "Default judgment is not a matter of right, but is subject to the court's discretion." Wayne Sav. Cmty. Bank v. Skidmore (In re Skidmore), No. 11-6071, 2011 Bankr. LEXIS 4962, at *2 (Bankr. N.D. Ohio Dec. 14, 2011) (citing Hitachi Med. Sys. Am., Inc. v. Lubbock Open MRI, Inc., No. 5:09-CV-847, 2010 U.S. Dist. LEXIS 40019, at *2 (N.D. Ohio

---

[1] Hereinafter, unless otherwise indicated, any reference to a section ("§" or "section") refers to a section in Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").

[2] Defendant inadvertently filed his Objection in the main case on September 30, 2020. After receiving a deficiency notice from the court, Defendant refiled his Objection correctly in the adversary proceeding.

April 22, 2010)).  When determining whether to enter a default judgment under Rule 55(b)(2), courts should consider the following factors:

> 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits.

Russell v. City of Farmington Hills, 34 F. App'x 196, 198 (6th Cir. 2002) (citations omitted). After review of the above factors, the court determines that granting the Motion is appropriate.

For ease of analysis, the court starts with the fourth and seventh factors.  Plaintiff seeks a declaration that the $54,265.88 debt owed by Defendant is not dischargeable under § 523(a)(6). This is a significant amount of money Defendant will be forced to repay if Plaintiff prevails.  In addition, the Sixth Circuit "has indicated a 'strong preference for trials on the merits.'"  United States v. Bridwell's Grocery & Video, 195 F.3d 819, 820 (6th Cir. 1999) (quoting Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193 (6th Cir. 1986)).  Thus, the fourth and seventh factors weigh against granting the Motion.

The remaining factors, however, all weigh in favor of granting the Motion.  First, if the court denies the Motion, Plaintiff will likely be prejudiced.  Defendant was convicted of arson in 2011, and Plaintiff obtained a default judgment against Defendant in 2012, but there is no guarantee that either the default judgment or the arson conviction will be given preclusive effect in this case.  See, e.g., White v. Trilogy Health Servs., LLC (In re White), 599 B.R. 14, 19, 20 (Bankr. S.D. Ohio 2019) (declining to give state court civil judgment preclusive effect in dischargeability proceeding); Allstate Ins. v. Dziuk (In re Dziuk), 218 B.R. 485, 490 (Bankr. D. Minn. 1998) (holding that state court arson conviction was not entitled to preclusive effect in § 523(a)(6) proceeding).  Thus, Plaintiff may be forced to incur substantial expenses relitigating the facts underlying its claim even though the incident occurred over ten years ago.

Second, Plaintiff's claim is meritorious.  Section 523(a)(6) provides that a chapter 7 debtor cannot discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]"  § 523(a)(6).  "A debtor willfully and maliciously injures a creditor if, acting without just cause or excuse, he knows or is substantially certain that his actions will cause injury."  Doe v. Boland (In re Boland), 946 F.3d 335, 338 (6th Cir. 2020) (citations omitted).  In the Motion, Plaintiff attached copies of the State Court subrogation complaint, motion for default judgment, and default judgment entry.  Plaintiff also attached copies of the criminal arson complaint and judgment entry.  Arson is a classic example of a willful and malicious injury under § 523(a)(6).  See, e.g., State Farm Fire & Cas. Co. v. Edie (In re Edie), 314 B.R. 6, 18 (Bankr. D. Utah 2004) (holding that plaintiff insurer's subrogation judgment obtained due to debtor's arson was excepted from discharge under § 523(a)(6)); Massachusetts Bay Ins. Co. v. Shaw (In re Shaw), 252 B.R. 211, 215 (Bankr. M.D. Fla. 2000) (holding that damages caused by debtor's solicitation of arson resulted in a nondischargeable debt under § 523(a)(6)).  Thus, Plaintiff's claim is meritorious.

Third, Plaintiff's complaint contains sufficient allegations to state a plausible claim for relief under § 523(a)(6). Plaintiff alleges that: (1) Defendant willfully and maliciously damaged Plaintiff's insured's real and personal property; (2) Defendant's intentional actions were the direct and proximate result of the damages incurred by Plaintiff's insured; (3) Plaintiff was required to pay $54,265.88 in damages, and became subrogated to this amount; (4) Defendant was subsequently convicted of arson; and (5) Plaintiff obtained a default judgment on its subrogation claim against Defendant in the State Court. The court is convinced that Plaintiff's complaint would withstand a Rule 12(b)(6) challenge.

The fifth and sixth factors also weigh in favor of granting the Motion. Service of the summons and complaint was made upon Defendant and Defendant's counsel by regular mail the day after the summons was issued. Thus, service of process was proper. See FED. R. BANKR. P. 7004(b)(1), (e), (g); cf. e.g., Walton v. Rogers, 860 F.2d 1081 (6th Cir. 1988) (holding that a plaintiff's failure to comply with Rule 4 precluded granting default judgment). However, Defendant has offered no explanation as to the reason for his default, nor has Defendant indicated that he disputes any of the material facts alleged in the complaint. Accordingly, these factors weigh in favor of granting the Motion.

For all of these reasons, the Motion is granted. The court will enter a separate order in accordance with this opinion.

**Service List**:

Nadia Ardner
Keis George LLP
55 Public Square Suite 800
Cleveland, OH 44113

Giancarlo Variola
Caplea & Variola Co., LPA
610 Market Avenue North
Canton, OH 44702